## MORRIS BROWN v. STATE.

No. A-3017—Opinion Filed June 9, 1919.

Rehearing Denied January 12, 1920.

(185 Pac. 341.)

**INTOXICATING LIQUORS—Possession With Intent to Sell—Sufficiency of Evidence.** In a prosecution for the possession of intoxicating liquors with intent to sell the same, the evidence considered, and held sufficient to sustain the conviction, and that no material error was committed upon the trial.

*Appeal from Superior Court, Muskogee County;*
*H. C. Thurman, Judge.*

Morris Brown, Jim Carithers, and Alice Farrel were tried upon an information charging the unlawful possession of intoxicating liquor with intent to sell it. . Defendants Carithers and Farrel were acquitted, and defendant Brown was convicted, and the latter appeals. Affirmed.

*P. A. Gavin, McAdams & Haskell,* and *J. Fentress Wisdom,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *W. C. Hall,* Asst. Atty. Gen., for the State.

DOYLE, P. J.  Plaintiff in error, Morris Brown, together with Jim Carithers and Alice Farrel, were jointly informed against and tried upon an information charging that in Muskogee county, on or about the 10th day of January, 1917, they did unlawfully have possession of 117 quarts of whisky, wine, and gin with the intention then and there on the part of said defendants to sell the same. The jury rendered verdicts acquitting defendants Carithers and Farrel, and finding the defendant Brown guilty and assessing his punishment at confinement in the county jail for six months and a fine of $500.  From the judgment rendered on the verdict, he appeals.

The only testimony is that introduced by the state. It is in substance this:

B. C. Hughes, testified that the defendant Brown lived at 217 East Okmulgee avenue in Muskogee, and that on the 10th day of January, 1917, he was there with several other officers and they found the intoxicating liquors as alleged in the information, in the defendant's home, concealed under a stairway.

C. E. Carpenter testified that he was special officer in the Indian Service and assisted the officers making the search at the home of the defendant Brown, and they found about 100 quarts of whisky and a little wine and beer there.

Harry Blake, deputy United States marshal, testified that he was present with the officers when they found the liquors alleged in the information concealed under the stairway at the home of the defendant Brown; that the defendant Alice Farrel, a colored woman, was employed as a domestic, and was there at the time the search was made.

20—16

Several errors have been assigned for a reversal of the judgment and it is insisted that the evidence does not support the conviction.

We have carefully examined the record, and nothing that would in any way tend to prejudice the substantial rights of the plaintiff in error is presented for our consideration. It is the opinion of the court that the evidence is amply sufficient to sustain the verdict and the judgment rendered thereon. The instructions of the court, when considered as a whole, are as favorable to the defendant as the evidence warrants.

Finding no prejudicial error, the judgment is affirmed.

ARMSTRONG and MATSON, JJ., concur.